UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARIA BONET,

       Plaintiff,

  -v-

                                                                            No. 05 Civ. 2970 (LTS)(THK)

MICHAEL J. ASTRUE[1]
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
--------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

On August, 11, 2006, Magistrate Judge Theodore H. Katz issued a Report and Recommendation ("Report") recommending that: (1) the Court reverse a decision by the Commissioner of Social Security ("Defendant" or "Commissioner") denying disability benefits to Plaintiff for the period from April 2002 to March 2003, (2) the Court remand the case for calculation of SSI benefits for the period of April 2002 to March 2003, and (3) the Court remand the case for further development of the record and a new benefit eligibility determination for the period of April 2003 to December 2003. Defendant filed timely objections to the Report. Plaintiff filed a response to Defendant's objections. The Court has reviewed thoroughly the Report and the parties' submissions.

---

     [1]        Michael J. Astrue is hereby substituted for former Commissioner Barnhart as the party defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

When reviewing a Report, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate judge's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal, such that no party is allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly all of Defendant's objections and Plaintiff's responses, and has considered de novo all of the points raised. For the reasons set forth below, the Court adopts the Report in its entirety.

## BACKGROUND

The Report includes a comprehensive summary of the record below. Familiarity with that summary is assumed.

## DISCUSSION

On review of a negative determination by the Commissioner on an application for

disability benefits, the district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C.A. §405(g) (West 2008). The Commissioner's factual findings are conclusive if supported by substantial evidence. Id.

Here, Judge Katz concluded that the substantial evidence standard was inapplicable because the Administrative Law Judge ("ALJ") erred as a matter of law in failing to apply properly the Commissioner's own regulations concerning the weight to be accorded to the opinions of an applicant's treating physicians. Reviewing the record in the light of the regulations, Judge Katz further concluded that a "proper evaluation would lead inexorably to a finding of disability for the period of April 2002 to March 2003." (Report at 52.)

The Commissioner's objections focus principally on the power of the Court to reverse a determination by the Commissioner as to benefit eligibility. Defendant argues that the Report's recommendations should be rejected because the Court was required to limit its review to the question of whether the Commissioner's decision was supported by substantial evidence and that, therefore, the recommended resolution would exceed the Court's authority to the extent it makes de novo determination of Plaintiff's disability status. Defendant also objects to the recommended application of the relevant regulations insofar as the Report assigns controlling weight to the opinion of Dr. Mejia. The Commissioner's arguments are examined in turn in the following sections.

Standard of Review

The Court has conducted a de novo review of the Commissioner's objections and

of the Report insofar as it concludes that reversal with a direction to award benefits is appropriate. The Court concludes that the Report and Judge Katz's recommended decision are firmly rooted in the proper standard of review for Social Security disability appeals. Courts may set aside a decision of the Commissioner if it is based on legal error or if it is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). The undersigned, after de novo review of Judge Katz's painstaking and comprehensive review of the record and the applicable law, is persuaded that Judge Katz correctly concluded that the ALJ failed to apply the correct legal standard in reaching the factual conclusions underlying the determination to deny benefits. Accordingly, the ALJ's factual findings are not conclusive and the Court has the power to reverse the ALJ's decision if the record so warrants.

### According Controlling Weight to Dr. Mejia

The Commissioner objects to Judge Katz's finding that Dr. Mejia's conclusions should have been given controlling weight. Specifically, the Commissioner argues that Dr. Mejia's conclusions (1) were not supported by medically acceptable clinical and laboratory diagnostic techniques and were not well supported by evidence in the record, and (2) that Judge Katz failed to recognize the importance of findings by non-examining and consultative physicians, here Drs. Nobel and Marcuzzo.

Judge Katz's Report outlines the appropriate standard for determining when controlling weight should be given to a treating physician. Under these standards, as established by the Commissioner's regulations, Dr. Mejia's opinions should have been accorded controlling weight or at the very least substantial weight, for the reasons detailed in the Report. (Id. at 32

(citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).)

### Dr. Meija's Findings are Supported by Medically Acceptable Clinical and Laboratory Techniques

Defendant cites the absence of Mental Status Evaluations as indicating a lack of objective clinical findings supporting Dr. Mejia's conclusions. Mental Status Evaluations, however, are not necessary to support the opinions of a treating physician if the physician's opinion is otherwise supported by objective clinical findings.

A treating source's opinions must be supported by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.927(d)(2) (2006). Objective medical evidence is defined as "medical signs" which are "anatomical, physiological or psychological abnormalities which can be observed." 20 C.F.R. § 416.928(b) (2006). Psychiatric signs include "abnormalities of behavior, mood, thought, memory, orientation, development or perception." (Id.) As explained at length in the Report, Dr. Mejia's own records provide numerous, detailed evaluations of Plaintiff's subjective complaints, his observations, his opinions as to her ability to work, and his assessment of appropriate treatment plans. (Rec. 222, 232–44, 305, 307, 316–28, 308–15.) Dr. Mejia's analysis took into account, and is supported by, abundant notes from Plaintiff's therapist. Thus, Judge Katz's recommended conclusion that the "treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques," see 20 C.F.R. § 416.927(d)(2), is sound.

### Dr. Mejia's Findings are Not Inconsistent with Other Evidence in the Case Record

As the Report explains, the findings of Dr. Mejia and the SSA's consultative physicians, Drs. Marcuzzo and Nobel, are not inconsistent with each other. Both Drs. Mejia and Marcuzzo saw limitations in Plaintiff's mental abilities. Although Dr. Marcuzzo additionally observed a diminished mathematical capacity in Plaintiff, he assessed neither the exact degree of her limitations nor her ability to work. (Report at 41-42.) Dr. Nobel tried to define some of those limitations, but he confined himself to prior records and did not personally examine Plaintiff, and, therefore, in accordance with 20 C.F.R. § 416.927(d)(1), his opinion is properly accorded less weight.

The Court finds unpersuasive the Commissioner's argument that Dr. Mejia's opinions are not well supported by evidence in the record because Dr. Mejia gave Ms. Bonet a GAF score of 65, indicating only limited impairment, three weeks after concluding that she was unable to work. (See Pl. Resp. at 4 (stating that GAF scores are only meant to reflect functioning at the time of the evaluation and "may be operationalized as the lowest level of functioning for the past week" (quoting DSM-IV-TR at 33).

### Weight to Non-Treating Source Opinions

The Commissioner argues Judge Katz failed to consider that the opinion of a consultative or non-examining physician may constitute substantial evidence supporting the Commissioner's decision and may form the basis for rejecting a treating physician's opinion. The Commissioner also contends that Judge Katz erred in holding that the opinion of a non-examining source is entitled to less weight than that of an examining source, and that Judge Katz

relied on outdated case law concerning the deference given to non-examining and non-treating physicians.

That an ALJ <u>may</u> rely on non-treating and non-examining source opinions in making a determination of disability, does not mean that he must, or even that he should do so in all cases. Rather, the Code of Federal Regulations provides that, where the treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is consistent with other substantial evidence of record, the treating source's opinion <u>will</u> be given controlling weight by the Social Security Administration. 20 C.F.R. § 416.927(d)(2). Here, because the record overwhelmingly evidences the requisite clinical and other support for Dr. Mejia's opinion, and that opinion is consistent with other substantial evidence of record, the non-treating evaluators' conclusions are properly accorded less weight, and do not provide a proper basis for rejection of the treating physician's opinion.

Nor is the Commissioner's contention that Judge Katz relied on outdated case law in evaluating the weight of the different professionals' opinions withstand this Court's <u>de novo</u> review. <u>Schisler v. Sullivan</u>, 3 F.3d 563 (2d Cir. 1993), on which the Commissioner principally relies, holds that the current regulations are controlling. Judge Katz properly identified, and applied, the relevant regulations. As explained in the Report and in the foregoing sections of this Memorandum Order, analysis of the record in light of the standards established by the regulations compels the conclusion that Plaintiff is entitled to benefits for the period from April 2002 to March 2003.

### Developing the Post-March 2003 Record

The Commissioner objects to Judge Katz's recommended decision that the case be remanded for further development of the record and a benefit eligibility determination as to the post-March 2003 period. Judge Katz found that the ALJ incorrectly assigned Dr. Graham, the non-treating physician, controlling weight without appropriately developing the record. (Report at 47–48.) Although the ALJ stated that Dr. Moscou had provided no medical basis as to her findings concerning Plaintiff's asthma, the Commissioner has a duty "to make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C.A. § 423 (d) (5) (B)(West 2004). Further, as Judge Katz notes, Dr. Graham's findings were unspecific as to the extent to which Plaintiff is able to "sit, stand, walk, lift, carry, handle objects, hear and speak." (Report at 49 (citing R. 177.)) Because the ALJ has an affirmative duty to develop and resolve any ambiguities or major gaps in the record before determining the weight to be given to a treating source, the undersigned concurs with Judge Katz's determination that the issue of physical disability during the period of April 2003 to December 2003 should be remanded for further development of the record.

### CONCLUSION

For the foregoing reasons, Judge Katz's Report and Recommendation is hereby adopted in its entirety. The Clerk of Court is respectfully requested to remand this case to the Social Security Administration for further proceedings consistent with the Report and this

Memorandum Opinion, and close the case on the books of this Court. This Memorandum Opinion and Order resolves docket entries nos. 9 and 11.

SO ORDERED.

Dated: New York, New York
August 22, 2008

LAURA TAYLOR SWAIN
United States District Judge